IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:24-CV-586- BM

| | | |
|---|---|---|
| RONALD WAINRIGHT, JR. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| FRANK BISIGNANO, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Ronald Wainright, Jr. ("Plaintiff" or, in context, "Claimant") filed this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the denial of his application for a period of disability and disability insurance benefits ("DIB"). This matter is before the court on Plaintiff's brief [DE-11] ("Pl.'s Brief") seeking judgment in his favor and Defendant's responsive brief [DE-16] ("Def.'s Brief") in opposition. The time for filing responsive briefs has expired pursuant to the Supplemental Rules for Social Security Actions under 42 U.S.C. § 405(g), and this case is ripe for adjudication. The parties have consented to entry of final judgment by a United States magistrate judge under 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fourth Circuit. Having reviewed and considered the record, the administrative transcript, the briefs submitted by the parties, and the applicable law, the court allows Plaintiff's brief [DE-11], denies Defendant's brief [DE-16], and remands the case to the Commissioner for further proceedings consistent with this order.

## I. STATEMENT OF THE CASE

Plaintiff protectively filed an application for a period of disability and DIB on December 17, 2021, alleging disability beginning June 5, 2021. Transcript of Proceedings ("Tr.") 64, 162-

163. His claim was denied initially. Tr. 58-64, 81-85. Plaintiff filed a request for reconsideration (Tr. 86), and was denied upon reconsideration on January 31, 2023 (Tr. 65-72, 87-90). On February 8, 2023, Plaintiff requested a hearing before the Administrative Law Judge ("ALJ"). Tr. 91-92. A hearing before the ALJ was held on August 16, 2023, at which Plaintiff, represented by counsel, and a vocational expert ("VE") appeared and testified. Tr. 34-57. On January 2, 2024, the ALJ issued a decision denying Plaintiff's request for benefits. Tr.15-33.

On January 22, 2024, Plaintiff requested a review of the ALJ's decision by the Appeals Council. Tr. 159-61. On May 13, 2024, the Appeals Council denied Plaintiff's request for review. Tr. 1-7. Plaintiff then filed a complaint in this court seeking review of the now-final administrative decision.

## II. STANDARD OF REVIEW

The scope of judicial review of a final agency decision regarding disability benefits under the Social Security Act ("Act"), 42 U.S.C. § 301 *et seq.*, is limited to determining whether substantial evidence supports the Commissioner's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). While substantial evidence is not a "large or considerable amount of evidence," *Pierce v. Underwood*, 487 U.S. 552, 565 (1988), it is "more than a mere scintilla . . . and somewhat less than a preponderance." *Laws*, 368 F.2d at 642. "In reviewing for substantial evidence, [the court should not] undertake to re-weigh conflicting

2

evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996), *superseded by regulation on other grounds*, 20 C.F.R. § 416.927(d)(2)). Rather, in conducting the "substantial evidence" inquiry, the court's review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained his or her findings and rationale in crediting the evidence. *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439-40 (4th Cir. 1997). "Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the administrator." *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983).

### III. DISABILITY EVALUATION PROCESS

The disability determination is based on a five-step sequential evaluation process as set forth in 20 C.F.R. § 404.1520 under which the ALJ is to evaluate a claim:

> The claimant (1) must not be engaged in "substantial gainful activity ["SGA"]," *i.e.*, currently working; and (2) must have a "severe" impairment that (3) meets or exceeds [in severity] the "listings" of specified impairments, or is otherwise incapacitating to the extent that the claimant does not possess the residual functional capacity ["RFC"] to (4) perform . . . past work or (5) any other work.

*Albright v. Comm'r of the Soc. Sec. Admin.*, 174 F.3d 473, 475 n.2 (4th Cir. 1999). "If an applicant's claim fails at any step of the process, the ALJ need not advance to the subsequent steps." *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995) (citation omitted). The burden of proof and production during the first four steps of the inquiry rests on the claimant. *Id.* At the fifth step, the burden shifts to the ALJ to show that other work exists in the national economy which the claimant can perform. *Id.*

When assessing the severity of mental impairments, the ALJ must do so in accordance with the "special technique" described in 20 C.F.R. §§ 404.1520a(b)-(c). This regulatory scheme identifies four broad functional areas in which the ALJ rates the degree of functional limitation resulting from a claimant's mental impairment(s): understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself. *Id.* § 404.1520a(c)(3). The ALJ is required to incorporate into his written decision pertinent findings and conclusions based on the "special technique." *Id.* § 404.1520a(e)(4).

## IV. ALJ'S FINDINGS

Applying the above-described sequential evaluation process, the ALJ found Plaintiff "not disabled" as defined in the Act. Tr. 28-29. At step one, the ALJ determined Plaintiff had not engaged in substantial gainful employment since June 5, 2021, the alleged onset date. Tr. 20.

Next, at step two, the ALJ determined Plaintiff had the severe impairments of long COVID and obstructive sleep apnea. Tr. 21. The ALJ also found Plaintiff had the non-severe impairments of obesity, major depressive disorder, and generalized anxiety disorder. Tr. 21. However, at step three, the ALJ concluded these impairments both physical and mental, were not severe enough, either individually or in combination, to meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 22.

Applying the technique prescribed by the regulations, the ALJ found that Plaintiff's mental impairments have resulted in no limitation in understanding, remembering, or applying information; mild limitation in interacting with others; mild limitation in concentrating, persisting, or maintaining pace; and mild limitation in adapting or managing oneself. Tr. 21-22.

Prior to proceeding to step four, the ALJ assessed Plaintiff's RFC, finding Plaintiff had the ability to perform sedentary work[1] with the following limitations:

> [Plaintiff] must be able to alternate positions for 1 to 2 minutes after every 30 minutes of sitting.  He can stand and/or walk no more than 15 minutes at one time before needing to sit back down.  He can occasionally climb ramps and stairs; never climb ladders, ropes, or scaffolds; and can occasionally stoop, kneel, crouch, and crawl.  He can occasionally work around unprotected heights, moving mechanical parts, weather conditions, humidity, wetness, dust, odors, fumes, and other pulmonary irritants; extreme cold; and extreme heat.

Tr. 23.

In making this assessment, the ALJ found Plaintiff's statements about his limitations "not convincing to the extent they are inconsistent with the [RFC]."  Tr. 26.

At step four, the ALJ concluded Plaintiff did not have the RFC to perform the requirements of his past relevant work as a road maintenance supervisor.  Tr. 27.  Nonetheless, at step five, upon considering Plaintiff's age, education, work experience, and RFC, the ALJ determined Plaintiff is capable of making an adjustment to other work that exists in significant numbers in the national economy.  Tr. 27-29.

## V.  DISCUSSION

In this case, Plaintiff alleges the ALJ erred by (1) failing to account for Plaintiff's need for a portable oxygen tank in the RFC determination; and (2) failing to explain why non-mechanical

---

[1] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools.  Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties.  Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met."  20 C.F.R. § 404.1567(a); S.S.R. 96-9p, 1996 WL 374185, at *3 (July 2, 1996).  "Occasionally" generally totals no more than about 2 hours of an 8-hour workday.  S.S.R. 96-9p, 1996 WL 374185, at *3.  "Sitting" generally totals about 6 hours of an 8-hour workday.  *Id*.  A full range of sedentary work includes all or substantially all of the approximately 200 unskilled sedentary occupations administratively noticed in 20 C.F.R. Part 404, Subpart P, Appendix 2, Table 1.  *Id*.

application of the grids was not chosen pursuant to 20 C.F.R. § 404.1563(b). Pl.'s Brief [DE-11] at 1.[2] Each will be discussed below.

**A.     Portable oxygen tank**

Plaintiff contends that the ALJ erred by failing to account for Plaintiff's need for a portable oxygen tank in the RFC determination. Pl.'s Brief [DE-11] at 1. The Commissioner argues in response that "the ALJ explained that although the medical evidence shows continued need for supplementary oxygen even more than one year later when exerting himself, he accounted for this limitation in the workplace by reducing him to sedentary work." Def.'s Brief [DE-16] at 7.

"A Social Security claimant's RFC represents 'the most he can still do despite his limitations.'" *Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 387 (4th Cir. 2021) (quoting 20 C.F.R. § 416.945(a)(1)). In assessing an individual's RFC, an ALJ considers that person's "ability to meet the physical, mental, sensory, and other requirements of work." 20 C.F.R. § 404.1545(a)(4). Further, "the ALJ must consider all of the claimant's medically determinable impairments of which the ALJ is aware, including those not labeled severe at step two." *Shinaberry v. Saul*, 952 F.3d 113 (4th Cir. 2020) (quoting *Monroe v. Colvin*, 826 F.3d 176, 178 (4th Cir. 2016)).

"[A] proper RFC analysis has three components: (1) evidence, (2) logical explanation, and (3) conclusion." *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019). The ALJ "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (*e.g.*, laboratory findings) and nonmedical evidence (*e.g.*, daily activities,

---

[2] Except for citations to the Transcript of Proceedings ("Tr."), all citations to documents using the docket entry number [DE-] provided in the court's docket will specify the page number automatically assigned by the CM/ECF system, rather than the page number, if any, specified in the original document.

observations).'" *Monroe*, 826 F.3d at 189 (quoting *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015)). Indeed, "the ALJ's logical explanation is just as important as the other two [components] . . . and our precedent makes clear that meaningful review is frustrated when an ALJ goes straight from listing evidence to stating a conclusion." *Thomas*, 916 F.3d at 311 (citing *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018)). The ALJ is not required to discuss every piece of evidence in the record. *See Reid v. Comm'r of Soc. Sec.*, 769 F.3d 861, 865 (4th Cir. 2014) (citations omitted). Yet where a court is "left to guess about how the ALJ arrived at his conclusions on [a claimant's] ability to perform relevant functions . . . , remand is necessary." *Mascio*, 780 F.3d at 637.

Additionally, "[r]emand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *McNeill v. Saul*, No. 5:20-CV-244-M, 2021 WL 3701348, at *3 (E.D.N.C. June 2, 2021) (alterations in original) (quoting *Mascio*, 780 F.3d at 636). And while there is no "per se rule requiring remand when the ALJ does not perform an explicit function-by-function analysis[,]" courts have found remand warranted where the ALJ fails to assess a "contested" function that is "critically relevant to determining [a claimant's] disability status . . . ." *Dowling*, 986 F.3d at 388-89 (remanding case where the ALJ failed to evaluate the plaintiff's ability to sit when it was a contested function critical to determining the plaintiff's disability status, and stating that the ALJ should have included "an analysis [of plaintiff's ability to sit] that was separate from the ALJ's appraisal of [the plaintiff's] ability to perform other functions, and [this analysis] should have been accompanied by 'a narrative discussion describing' the evidence supporting it").

Here, after his hospitalization with COVID-19, Plaintiff began using oxygen to help him

7

breathe. Tr. 24. Plaintiff testified that while he initially needed two liters of continuous oxygen upon returning from the hospital, he still needs oxygen at times, particularly if he is "up doing something besides sitting." Tr. 42.

The ALJ cited various medical records documenting a decrease in the amount of oxygen Plaintiff needed, but which still indicated, as of Plaintiff's most recent medical records considered by the ALJ, that Plaintiff still reported "using [one] liter of oxygen as needed." Tr. 25-26.

The ALJ appears to agree that Plaintiff would need oxygen at his work station and found that "[m]edical evidence shows [Plaintiff's] continued need for supplemental oxygen even more than one year later when exerting himself, requiring a limitation to sedentary work *to account for his need for it in the workplace*." Tr. 26 (emphasis added). The ALJ appears to assume that a sedentary work place would allow Plaintiff to use oxygen, as needed, while still satisfying the vocational requirements of his job. Yet the ALJ provides no evidence from the VE or otherwise in support of this assumption. The ALJ does not include any limitation related to the storage, charging or use of a portable oxygen tank in his RFC. *See* Tr. 23; *see also* Tr. 51 (Plaintiff's testifying that the portable oxygen tank only holds a charge for about four hours.). Neither does the ALJ illicit any testimony from the VE related to the vocational implications of use of an oxygen tank in the context of the representative vocations the VE identified. *See* Tr. 50-57.

Courts across the country, including in this circuit, have found remand necessary where an ALJ fails to include use of oxygen as a limitation in the RFC or in hypotheticals to the VE or otherwise fails to appropriately consider the vocational implications of a claimant's need for oxygen. *See Smith v. Berryhill*, No. 1:17CV00023, 2018 WL 3463288, at *7 (W.D. Va. July 18, 2018) ("If the ALJ thought that Smith required oxygen to function at work, he must have included

an accommodation for oxygen use in the residual functional capacity determination and hypothetical to the vocational expert."); *Carnaghi v. Astrue*, 886 F. Supp. 2d 861, 870 (N.D. Ill. 2012) ("[The ALJ] did not include the use of an oxygen tank in his hypotheticals to the VE; nor has he included specific reference to the use of oxygen in his RFC determination. On remand, the Commissioner should ensure that the issue is addressed."); *Andrews v. Comm'r of Soc. Sec.*, No. 6:11-CV-898-ORL-GJK, 2012 WL 4194656, at *8 (M.D. Fla. Sept. 19, 2012) ("Because the ALJ failed to make any specific findings regarding Claimant oxygen use, it is unclear whether the ALJ also rejected Claimant's allegations that she needs oxygen with activity."); *cf. also Meade v. Astrue*, No. CIV.A. 3:06-1007, 2009 WL 2160689, at *2 (S.D.W. Va. July 14, 2009) ("On remand, the Commissioner should request plaintiff to provide additional evidence as to his use of oxygen during the day and, if what plaintiff submits is deemed insufficient, the Commissioner should explore this issue further.").

Absent testimony from the VE or otherwise on the vocational implications of a portable oxygen tank for the jobs identified by the VE at step five of the sequential evaluation process, the court cannot determine whether the ALJ's decision is supported by substantial evidence. Accordingly, remand is necessary on this issue. On remand, the Commissioner should make findings and provide sufficient explanation in order to permit meaningful judicial review for substantial evidence, if necessary.

**B.     Borderline age**

Plaintiff contends that the ALJ erred by failing to explain why non-mechanical application of the grids was not chosen pursuant to 20 C.F.R. § 404.1563(b). Pl.'s Brief [DE-11] at 1. The Commissioner counters that Plaintiff does not assert that any relevant factors, to include Plaintiff's

education, past work, and RFC, support the use of a higher age category. Def.'s Brief [DE-16] at 16. The record shows that Plaintiff was approximately five months away from attaining age 50 at the time of the decision. Tr. 27, 39.

Social Security regulations (the "Regulations") establish three chronological age categories: (1) "[y]ounger person . . . (under age 50)"; (2) "[p]erson closely approaching advanced age . . . (age 50-54)"; (3) "[p]erson of advanced age . . . (age 55 or older)." 20 C.F.R. §§ 404.1563(c)-(e). The age categories are applied when the ALJ makes a finding about a claimant's ability to do other work, and are considered as a vocational factor. *See* 20 C.F.R. §§ 404.1563(a)-(b). "In determining the extent to which age affects a person's ability to adjust to other work, [an ALJ is to] consider advancing age to be an increasingly limiting factor in the person's ability to make such an adjustment . . . ." 20 C.F.R. § 404.1563(a).

Social Security regulations provide that the Commissioner "will not apply the age categories mechanically in a borderline situation." 20 C.F.R. § 404.1563(b). The regulations continue that if a claimant is "within a few days to a few months of reaching an older age category, and using the older age category would result in a determination or decision that you are disabled, we will consider whether to use the older age category after evaluating the overall impact of all the factors of your case." *Id.* Agency policy clarifies that the Commissioner will "[c]onsider a few days to a few months to mean a period not to exceed six months." POMS DI 25015.006E. Agency policy further provides that when an ALJ is considering a borderline age determination, the ALJ should evaluate all factors including the Plaintiff's "[RFC]", age, education, and work experience" when "consider[ing] using the higher age category if it results in a favorable determination." *Id.*

10

In light of the court's above recommendation that this case be remanded for further explanation regarding accommodations for Plaintiff's use of a portable oxygen tank, the court does not address Plaintiff's remaining argument further. The ALJ's findings on remand may be substantially different, and impact considerations relevant to the borderline age policy. On remand, however, the Commissioner should consider Plaintiff's argument here (*see* Pl.'s Brief [DE-11] at 9-14) and should ensure that the borderline age policy has been evaluated in accordance with the regulations and applicable policy. Any relevant findings should sufficiently explain the probative evidence, so as to permit meaningful judicial review, if necessary.

## VI. CONCLUSION

For the reasons stated above, the court allows Plaintiff's brief [DE-11], denies Defendant's brief [DE-16], and REMANDS this case to the Commissioner for further proceedings consistent with this order.

SO ORDERED, this 26th day of September, 2025.

_____
Brian S. Meyers
United States Magistrate Judge